IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-851 T

(Judge Christine O.C. Miller)

CHARLES P. DANIELS, JR. and LINDA M. DANIELS,

Plaintiffs

v.

UNITED STATES,

Defendant

MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), the United States, moves to dismiss this case without prejudice for lack of subject matter jurisdiction, because plaintiffs have not fully paid their assessed taxes for the year 2000. In support of this motion, defendant relies on an IRS Certificate of Assessment and Payments (Form 4340), dated December 6, 2006, for plaintiffs' 2000 tax year, which is attached as Exhibit A.

Plaintiffs filed suit on December 13, 2006, to obtain an income tax refund of $4,040,948.00 for their 2000 tax year. (Comp. § 18, at 4.) The Certificate of Assessments and Payments for that year shows that the IRS assessed $5,551,756 of income tax – the amount

shown on plaintiffs' return – on November 26, 2001.[1] (Ex. A at 1; *see also* Comp. ¶ 8.) The IRS Form 4340 is "presumptive proof of a valid assessment." *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992), *cert. denied*, 506 U.S. 891 (1992); *see also*, *Johnson v. United States*, 70 Fed.Cl. 296, fn. 5 (2006); *Stuart v. United States*, 337 F.3d 31, 35 (1st Cir. 2003). (Comp. ¶ 8; Ex. A at 1.)

The Certificate of Assessments and Payments also shows that plaintiffs made tax payments as of December 5, 2006, totaling $3,955,025.19. The Form 4340 therefore shows that $1,673.081.82 of the assessed taxes and interest for 2000 remain unpaid. (Ex. A at 5.) Plaintiffs' do not allege in their complaint that they fully paid the assessed taxes for 2000. Rather, they allege total payments for 2000 of $4,148,443.00 through withholding – substantially less than the $5,551,756.00 assessed.[2] (Comp. ¶ 11.)

Plaintiffs also sued for refund of their 2000 taxes in the United States District Court for New Jersey. On February 9, 2007, the district court granted defendant's motion to dismiss that case for lack of jurisdiction, due to their failure to fully pay the assessed taxes. *Charles P. Daniels and Linda M. Daniels v. United States*, 2007 WL 498284 (D. N.J., Feb. 9, 2007). The court held that the IRS Form 4340 for the plaintiffs' 2000 tax year was "sufficient evidence that an assessment has been made." 2007 WL 498284 at 1. The IRS Form 4340 the district court considered is the same Form 4340 which is attached to this motion as Exhibit A.

---

[1]The Form 4340, Certificate of Assessments and Payments, also indicates assessed interest with respect to plaintiffs' 2000 tax year in the amount of $76,351.01. (Ex. A at 1.)

[2]While the complaint alleges withholding of $4,148,443.00 for 2000, while the Form 4340 reflects withholding of $3,950,169.00 (Ex. A at 1), the discrepancy is immaterial to this motion. In either event, plaintiffs have not fully paid assessed taxes.

Ex. A, the Certificate of Assessments and Payments confirms that plaintiffs have not paid $1,673,081.82, of the assessed tax for their 2000 tax year, the only year at issue. "The full payment rule of *Flora* has long been applied by the Claims Court, and before that by the Court of Claims, to dismiss tax refund suits against the United States when the assessment has not been paid in full prior to commencement of the action." *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir. 1991); see also, *Rodewald v. United States*, 231 Ct.Cl. 962 (1982). "Payment of the assessed taxes in full is a prerequisite to bringing a refund claim" in the Court of Federal Claims. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed.Cir. 2002); see also, *Johnson*, 70 Fed.Cl. at 298. Since plaintiffs have not fully paid the assessed tax for the year for which they seek a refund, this Court is without jurisdiction to hear their claim.[3]

---

[3]After the New Jersey district court dismissed plaintiffs' suit for failure to fully pay assessed taxes for 2000, defendant's counsel contacted plaintiffs' counsel (also counsel in the district court proceeding), and suggested that this case should be voluntarily dismissed. Plaintiffs' counsel questioned whether the decision in *Flora v. United States*, 362 U.S. 145 (1960), the basis for the decision of the district court, applied to cases brought in this Court. On February 20, 2007, to assure plaintiffs' counsel that *Flora* indeed applies in this Court, defendant's counsel faxed her copies of this Court's decisions in *Tonkasket v. United States*, 218 Ct.Cl. 709 (1978) and *Rodewald*, the Federal Circuit decisions in *Ledford* and *Rocovich*, and this Court's recent decision in *Johnson*. Those decisions remove any realistic doubt whether *Flora* applies in this Court to preclude a refund suit if assessed taxes are not fully paid. Nevertheless, plaintiffs' counsel advised defendant's counsel on February 21, 2007, that plaintiffs would not voluntarily dismiss their action. Defendant therefore was forced to file this motion, and reserves the right to move for recovery of its costs, including reasonable attorney's fees, depending on plaintiff's response and the additional resulting burden to defendant.

WHEREFORE, defendant respectfully submits that the claims of plaintiffs, Charles P. Daniels and Linda M. Daniels, should be dismissed without prejudice.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

February 22, 2007