IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-851 T

(Judge Christine O.C. Miller)

---

CHARLES P. DANIELS, JR. and LINDA M. DANIELS,

Plaintiffs

v.

UNITED STATES,

Defendant

---

DEFENDANT'S REPLY BRIEF

---

Defendant would like to respond briefly to the arguments set forth by plaintiffs in their opposition to defendant's motion to dismiss. At the outset, defendant emphasizes that plaintiffs do not dispute that they have not paid all of the tax reported due on their 2000 original return, the year at issue in this case. (P. Brief at 4.) Plaintiffs admit that their original return for 2000 reported a tax liability in the amount of $5,551,756.00 and tax payments totaling $3,950,169.00, leaving a balance due of $1,601,587.00. (P. Brief at 4; Dx. A.) Plaintiffs do not allege they made any other tax payments with respect to their 2000 tax year. Nor do plaintiffs allege that the assessment of the tax liability reported on their original return was not valid.

Plaintiffs also acknowledge in their brief (P. Brief at 9-11), that the Federal Circuit, and its predecessor court, the Court of Claims, have consistently held that this Court lacks

jurisdiction over a claim for refund if the taxpayer has not fully paid all the assessed taxes owing for the tax year in question. *Rocovich v. United States*, 933 F.2d 991 (Fed.Cir. 1991); *Rodewald v. United States*, 231 Ct.Cl. 962 (1982). Nevertheless, plaintiffs argue that this Court should not follow the binding precedent of the appellate court because the decisions of that court were incorrectly decided. (P. Brief at 16-17.) This Court, however, is bound by the clear mandate of the Federal Circuit regarding this Court's jurisdiction.

Plaintiffs suit effectively asks this Court to prevent the IRS from collecting the unpaid balance of the tax they reported on their return. This Court is precluded from doing so by 26 U.S.C. § 7421, the Anti-Injunction Act. Section 7421 (a) states:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

This court has no jurisdiction to prevent the collection of taxes that have been properly assessed by the IRS. Lyashenko v. United States, 41 Fed.Cl. 626, 628-29 (1998); Rogers v. United States, 2002 WL 850053, 3 (Fed. Cl. 2002), aff'd, 66 Fed.Appx. 195, 2003 WL 1154134 (Fed.Cir. 2003); Richard Fuselier v. United States, 63 Fed. Cl. 8, 10 (2004). Since plaintiffs do not dispute the validity of the assessment at issue in this case, this Court has no jurisdiction to prevent the IRS from collecting the balance of tax assessed with respect to plaintiffs' 2000 return.

Plaintiffs incorrectly state that when "the amount of tax paid is less than the assessment, a notice of deficiency is issued to the taxpayer." (P. Brief at 12-13.) In fact, a notice of deficiency precedes an assessment. 26 U.S.C. § 6212, 6213. Nevertheless, when, as here, tax is shown due on an original return, the IRS does not have to issue a notice of deficiency before assessing the

tax shown on a return. § 6201(a)(2). The IRS, therefore properly assessed the taxes plaintiffs reported on their return. The IRS did not value the stock, nor compute the amount of tax at issue in this case. The value of the stock, and the tax resulting from the exercise of the stock options, was computed by plaintiffs and reported on their original return. (Dx. A.) The assessment of that tax is correct.

The stock options at issue were non-qualified stock options. (P. Brief at 2.) There was no restriction on the ability of plaintiffs to sell the stock immediately upon exercise of the options. Plaintiffs acknowledge that on the date Mr. Daniels exercised his stock options, the stock was being publicly traded for $70.94 per share, and Mr. Daniels could have sold the stock for that price on that date. (P. Brief at 3.) When non-qualified options are exercised plaintiffs are taxed at ordinary income rates on the difference between the option exercise price and the fair market value of the stock, in this case the $70.94 per share trading price. § 83(a). Plaintiffs' basis in the stock would be $70.94 per share. If plaintiffs immediately sold the stock upon exercise of the options they would realize neither gain nor loss, since the amount realized, $70.94 per share, would be the same as their basis in the stock.

While plaintiffs argue that they continued to hold the stock to take advantage of the lower long term capital gains rates (P. Brief at 18), such rates apply only if the stock appreciated further in value. Plaintiffs argument has no bearing, however, on either the value of the stock on the date of exercise, the validity of the IRS assessment, or plaintiffs' failure to fully pay all of the assessed taxes. Clearly this Court has no jurisdiction to consider plaintiffs' claims.

WHEREFORE, defendant respectfully submits that the claims of plaintiffs, Charles P. Daniels and Linda M. Daniels, should be dismissed without prejudice.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

May 9, 2007



2447478.1